**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

VERNON NORMAN EARLE,                     )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )        Civil Action No. 16-0629 (ABJ)
                                         )
UNITED STATES DEPARTMENT                 )
OF JUSTICE, *et al.*,                    )
                                         )
            Defendants.                  )
_____)

**MEMORANDUM OPINION**

      Plaintiff Vernon Earle brought this action against defendants, the United States Department

of Justice ("DOJ") and the United States Attorney for the District of Columbia, under the Freedom

of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*  Compl. [Dkt. # 1] at 1.[1]  Plaintiff seeks to

compel defendants to produce "the Grand Jury's Tax Number for District of Columbia criminal

felony Case Number# F.4396-85, concerning any indictment issued for that case." *Id.*  Defendants

have moved to dismiss the case for lack of subject matter jurisdiction or in the alternative, for

summary judgment, on the ground that grand jury tax numbers have never existed.  Defs.' Mot. to

Dismiss or Alternatively for Summ. J. [Dkt. # 10] ("Defs.' Mot.") at 1; Attach. 3 to Defs.' Mot.,

---

1      Plaintiff sued the United States Attorney for the District of Columbia, Compl. at 1, but that
portion of the suit will be dismissed because FOIA "provides a cause of action only against federal
agencies." *Vazquez v. U.S. Dep't of Justice*, 764 F. Supp. 2d 117, 119 (D.D.C. 2011);
5 U.S.C. § 552(a)(4)(B) ("[T]he district court . . . has jurisdiction to enjoin the agency from
withholding agency records and to order the production of any agency records improperly withheld
from the complainant.").  While the issue of whether components of a federal agency are proper
parties in a FOIA action "is not settled in this Circuit," *Mingo v. U.S. Dep't of Justice*, 793 F. Supp.
2d 447, 451 (D.D.C. 2011), courts in this Circuit have dismissed the component parties where the
DOJ is a properly named defendant. *See, e.g., Vazquez*, 764 F. Supp. 2d at 119 (observing that
"the [c]ourt need not dwell on the issue because . . . DOJ is a named defendant"); *Mingo*, 793 F.
Supp. 2d at 451.

Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. [Dkt. # 10-3] ("Defs.' Mem.") at 1.  According to

defendants, since grand jury tax numbers do not exist, there was no need to conduct a futile search

to find them.  Defs.' Mem. at 1.

Under these circumstances, there is case law that would support the dismissal of the action

on the basis that this Court lacks jurisdiction.  But in the event the Court is required to assess the

adequacy and/or the futility of the search based on the evidentiary record, the Court will enter

judgment in favor of defendants because there is no genuine dispute of material fact concerning

the existence of the records and the lack of any obligation to search for them.

## BACKGROUND

The facts are not in dispute.  Plaintiff was convicted of several crimes during the 1980s.

Compl. at 1–2.  He was also charged in the Superior Court for the District of Columbia in felony

case number F.4396-85.  *Id.* at 2.  The charge was dismissed during the grand jury phase of the

investigation on or around April 10, 1986.  Attach. 2 to Defs.' Mot., Decl. of David Luczynski

[Dkt. # 10-2] ("Luczynski Decl.") ¶ 9.  By letter dated July 2, 2015, plaintiff sent a FOIA request

to the Tax Division of the DOJ asking for the tax number of the grand jury from that case.  Ex. 1

to Compl; Luczynski Decl. ¶ 4.

On August 4, 2015, the Executive Office of the United States Attorneys ("EOUSA")

responded on the DOJ's behalf, explaining that "[g]rand jury material is exempt from mandatory

release" because it is "specifically exempted from disclosure by statute."  Ex. 2 to Compl.;

Luczynski Decl. ¶ 5.  Plaintiff filed an appeal with the DOJ's Office of Information Policy ("OIP").

Ex. 3 to Compl.; Luczynski Decl. ¶ 6.  OIP affirmed the EOUSA's determination, but instead of

relying on the statutory disclosure prohibition exemption, it stated that the "EOUSA does not

maintain any information concerning the type of records . . . described in [Earle's] request letter."

Ex. 4 to Compl.; Luczynski Decl. ¶ 8.  Additionally, OIP explained that it "has never found any indication that this type of record has ever existed within any component of the Department of Justice."  Ex. 4 to Compl.; Luczynski Decl. ¶ 8.

Plaintiff seeks review of OIP's decision.  *See* Compl. at 2–4.  Defendants take the position that the Court lacks jurisdiction to review a FOIA request for material that does not exist since the statute would not apply in that circumstance and, in the alternative, they argue that judgment should be entered in favor of defendants since they have complied with their FOIA obligations. Defs.' Mem. at 1.  In support of their motion, defendants rely upon the declaration of David Luczynski, an attorney in the EOUSA, who coordinated the DOJ's response to plaintiff's FOIA request.  *See* Luczynski Decl. ¶ 3.

Mr. Luczynski searched for plaintiff's first and last name using the District of Columbia's court cases online webpage.  *Id.* ¶ 9.  He found felony case # F-4396-85, but the online system did not contain a tax ID number.  *Id.*  Mr. Luczynski states, based on his experience as an Attorney Advisor with the EOUSA, that "there are no 'tax numbers' associated with grand juries in D.C. Superior Court."  *Id.*

Mr. Luczynski also contacted Christina Troiani, an Attorney-Advisor of the DOJ's Office of Information Policy.  *Id.*  Her responsibilities include reviewing, verifying, and adjudicating FOIA requestors' appeals, *id.*, and she adjudicated plaintiff's appeal.  *See* Ex. 4 to Compl. at 2. Ms. Troiani informed Mr. Luczynski that, to her knowledge, "there is no record system anywhere within DOJ in which responsive records would be located" because grand jury tax numbers do not exist.  Luczynski Decl. ¶ 9.

Mr. Luczynski also contacted Richard Tischner, who is the Chief of the Superior Court Division at the United States Attorney's Office for the District of Columbia.  *Id.*  The United States

Attorney for the District of Columbia prosecutes federal offenses, as well as most of the local crimes within the District, and the Superior Court Division handles those prosecutions. *Id.* Mr. Tischner has worked in that office since October 1985, a time period that includes the period when felony case # F-4396-85 was dismissed. *Id.* According to Mr. Tischner, grand juries in D.C. Superior Court "do not – and never have had – tax numbers." *Id.*

Based on his interviews with Mr. Tischner and Ms. Troiani, his search using the District of Columbia's webpage, and his own experience as an Attorney Advisor with the EOUSA, Mr. Luczynski concluded that "the requested information does not exist," so "there is no record system in which responsive records are likely to be located." *Id.*

Plaintiff filed a timely opposition to defendants' motion, and in it, he asserts that he was told by a jailhouse lawyer that all indictments must be filed with the Tax Division of the DOJ and be given a tax number to be valid. Aff. in Supp., Ex. 1 to Pl.'s Mot. of Opp. to Defs.' Mot. with P. & A. in Supp. [Dkt. # 12] ("Pl.'s Aff.") at 1.

## STANDARD OF REVIEW

### I.    Subject Matter Jurisdiction

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter

jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II.    Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).

The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable

of affecting the outcome of the litigation.  *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).  In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'"  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009).  In the FOIA context, "the sufficiency of the agency's identification or retrieval procedure" must be "genuinely in issue" in order for summary judgment to be inappropriate.  *Weisberg v. Dep't of Justice* 627 F.2d 365, 371 n.54 (D.C. Cir. 1980), quoting *Founding Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979) (internal quotation marks omitted).  However, a plaintiff "cannot rebut the good faith presumption" afforded to an agency's supporting affidavits "through purely speculative claims about the existence and discoverability of other documents."  *Brown v. Dep't of Justice*, 742 F. Supp. 2d 126, 129 (D.D.C. 2010), quoting *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citations omitted).

Further, where a plaintiff has not provided evidence that an agency acted in bad faith, "a court may award summary judgment solely on the basis of information provided by the agency in declarations," *Moore*, 601 F. Supp. 2d at 12, provided that the declarations are not "conclusory[,] . . . vague or sweeping."  *King v. U.S. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987) (internal citation and quotation marks omitted).  The district court reviews the agency's action de novo, and "the burden is on the agency to sustain its action."  5 U.S.C. § 552(a)(4)(B); *accord Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

## ANALYSIS

To establish subject matter jurisdiction in a FOIA case, plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) ("[A]ll three [are] jurisdictional terms" and "[u]nless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements"). A federal court only has jurisdiction "if the agency has contravened all three components of this obligation." *Kissinger*, 445 U.S. at 150. In order for a record to be an "agency record" within the meaning of FOIA, it must first be created or obtained by the agency. *Forsham v. Harris*, 445 U.S. 169, 182 (1980). Applying those principles, a court in this district has ruled, "if it can be established through affidavits that no 'agency records' responsive to the Plaintiff's requests were found . . . after a good faith, reasonable search was conducted, no jurisdiction remains" because agency records must exist to be improperly withheld. *Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1120 (D.D.C. 1995); *see also Am. Civil Liberties Union v. Cent. Intelligence Agency*, 823 F.3d 655, 667–68 (D.C. Cir. 2016) (affirming district court's decision to dismiss FOIA case for lack of subject matter jurisdiction where the court found that Congressional records were not "agency records" and therefore fell outside of the scope of FOIA).

However, there is also Circuit authority that suggests that the inquiry into sufficiency of the allegation that the agency has improperly withheld records is a merits-based inquiry. In *Sweetland v. Walters*, 60 F.3d 852, 855 (D.C. Cir. 1995), the Circuit court affirmed the district court's dismissal of a FOIA case because the entity at issue was not an "agency" subject to FOIA, but only on the grounds that the plaintiff failed to state a claim. The court noted that it could not "agree that the district court lacked subject-matter jurisdiction" because the district court has

jurisdiction over substantive claims arising under U.S. laws. *Id.* The Circuit made a similar ruling in *Citizens for Responsibility and Ethics in Washington v. Office of Administration*, 566 F.3d 219, 225 (D.C. Cir. 2009), when it affirmed the district court's decision that the office in question was not an "agency" covered by FOIA, and that therefore, plaintiff had failed to state a claim. However, the court took issue with the district court's dismissal of the complaint for lack of subject matter jurisdiction, stating that the plaintiff's claims "were not 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit' to warrant '[d]ismissal for lack of subject-matter jurisdiction.'" *Id.*, quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Therefore, this Court feels constrained to go on to determine that if it has jurisdiction, judgment should be entered in favor of defendants.

"In order to obtain summary judgment the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). But the agency "is not required to expend its limited resources on searches for which it is clear at the outset that no search will produce the records sought." *Reyes v. U.S. Envtl. Prot. Agency*, 991 F. Supp. 2d 20, 27 (D.D.C. 2014), citing *Sack v. U.S. Dep't of Def.*, 6 F. Supp. 3d 78, 88 (D.D.C. 2013). Accordingly, "[w]here . . . the [g]overnment's declarations establish that a search would be futile . . . the reasonable search required by FOIA may be no search at all." *Id.*, quoting *Amnesty Int'l USA v. Cent. Intelligence Agency*, No. 07-CV-5435 (LAP), 2008 WL 2519908, at *11 n.17 (S.D.N.Y. June 19, 2008).

A court may award summary judgment solely on the basis of information provided by the agency in declarations as long as they describe the reasons "for nondisclosure with reasonably

specific detail" and are not controverted by "evidence of agency bad faith." *Military Audit Project*, 656 F.2d at 738.  The court may rely on declarations to determine whether an agency has proven that a search is futile if the declarations are "relatively detailed," nonconclusory, and submitted in good faith.  *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978), quoting *Vaugh v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973) ("[A]ffidavits are equally trustworthy when they aver that all documents have been produced or are unidentifiable as when they aver that identified documents are exempt.").  "The adequacy of the affidavit must be judged . . . in light of the entirety of its contents" and where the declarant's role shows familiarity with what information is available via a search, the declarant is "presumed able to familiarize himself with what [records the agency] does and does not maintain."  *Am.-Arab Anti-Discrim. Comm. v. U.S. Dep't of Homeland Sec.*, 516 F. Supp. 2d 83, 88 (D.D.C. 2007).  As a result, that declarant's explanation that the agency does not maintain information on the subject "is sufficient . . . to explain why a search would be futile and is unnecessary." *Id.*

Here, defendants have submitted a declaration amply demonstrating that a search would be futile because the documents in question do not exist.  Mr. Luczynski's conclusion is based on his personal knowledge, as well as information provided by other knowledgeable officials.  His own knowledge and experience, coupled with what he learned from each of his inquiries, demonstrates a familiarity with whether the information sought could be retrieved through a search of agency records.  *See id.* (holding that where an affidavit stated that a search would not produce the information sought by the plaintiff, the affiant's familiarity with the sought after information, based on his own personal experience as well as conversations he had with other officials, was sufficient to establish that the government did not need to a conduct a search).

Plaintiff's proffer of hearsay information he received from "a [j]ailhouse lawyer" that all indictments "must be filed to the tax [d]ivision . . . and given a tax number," Pl.'s Aff. at 1, is not enough to put the agency's good faith into doubt.  *See Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981).  Plaintiff supplies no facts that would indicate that the source of this information had any personal knowledge of the procedures he was describing, and a statement that lacks any indicia of reliability and is pure speculation does not undermine defendants' proof here.  *See SafeCard Servs.*, 926 F.2d at 1200, quoting *Ground Saucer Watch, Inc.*, 692 F.2d at 771 ("Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'").  Since none of plaintiff's arguments include a "sufficient link between asserted fact and argued inference to raise a serious and material question requiring trial on the merits," *Ground Saucer Watch, Inc.*, 692 F.2d at 771, the Court will enter judgment in favor of defendants.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  November 10, 2016